# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. SCHOOL,<br><br>Plaintiffs,<br><br>v.<br><br>BICE, et al.,<br><br>Defendants. | No. 2:17-cv-02156 JAM CKD (PS)<br><br>ORDER |

On February 14, 2018, the undersigned held a hearing on defendants' amended motion to dismiss this action pursuant to Rule 12(b)(6). (ECF No. 10.) Plaintiff opposed the motion (ECF No. 17), and defendants filed a reply (ECF No. 20). Nicole Roman appeared for defendants, and plaintiff appeared pro se. At the close of the hearing, the court took the matter under submission.

I. BACKGROUND

Plaintiff, a Grass Valley resident, is proceeding pro se and has paid the filing fee. This action proceeds on the original complaint filed October 17, 2017. (ECF No. 1, "Compl.")

The complaint names as defendants four California Highway Patrol officers: Officer Bice, Officer Morrison, Sergeant Nevins, and Commander Steffenson. It purports to bring both Bivens and § 1983 claims against defendants. Plaintiff alleges that on May 30, 2017 at 9:15 a.m., he was driving his car near an auto parts parking lot when "Officer Bice profiled me, then detained and arrested me when there was no breach of the peace." (Compl. at 5.) "Officer Bice stated he was

1

taking me to the courthouse to see the magistrate but instead took me to county jail." (Id. at 6.) Plaintiff characterizes this as a false arrest in which he was denied his federal due process rights, among other rights. (Id. at 4.)

Plaintiff further alleges:

> I was bruised by the handcuffs and forced to sit in an uncomfortable position unable to move my arms. I was placed under moral duress when Sgt. Nevins placed his had on his weapon making angry veiled threats to me in front of a witness. I have suffered financially due to my kidnapping and the ransoming of my automobile, and multiple court dates.

(Id. at 6.) Plaintiff was never given a copy of the ticket until his third arraignment in September. (Id. at 8.) Plaintiff sues defendants in their individual and official capacities and seeks $1 million in damages. (Id. at 4, 6.)

## II. DISCUSSION

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

Defendants argue that the complaint fails to state a claim under this standard. First, as the Eleventh Amendment prohibits damage actions against state officials in their official capacities, Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995), plaintiff's official capacity claims must be dismissed. Second, as defendants are not federal officials, plaintiff's Bivens claims must be dismissed.[1] Third, as the complaint fails to allege any facts showing the involvement of defendants Morrison or Steffenson, these defendants must be dismissed. Moreover, insofar as

---
[1] Bivens is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676-76 (2009). "Only federal officials who actually participate in alleged violations are subject to a Bivens-type suit." O'Neal v. Eu, 866 F.2d 314 (9th Cir. 1989) (collecting cases).

2

plaintiff's claims are based on alleged state law violations, they are not actionable under § 1983. Cornejo v. County of San Diego, 504 F.3d 853, 855 n. 3 (9th Cir. 2007) ("[A] claim for violation of state law is not cognizable under § 1983.")

As to the § 1983 claims against Bice and Nevins, plaintiff 's allegations do not show that these defendants committed any constitutional violation. The Civil Rights Act provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege facts showing each named defendant either exhibited some sort of "direct personal participation in the deprivation" or "set[ ] in motion a series of acts by others which the actor [knew] or reasonably should [have known] would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978). There must be an actual causal link between the actions of the named defendants and the alleged constitutional deprivation. See Monell, 436 U.S. at 691–92 (1978). Here, plaintiff's vague and conclusory allegations as to Bice and Nevins fail to state cognizable claims under § 1983.

Another defect of the complaint is its failure to meet Rule 8 pleading requirements. Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506 (2002). Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

In his opposition to the motion, plaintiff asserts that the complaint meets Rule 8 pleading requirements and "sufficiently alleges consumer harm and damage." (ECF No. 17 at 1.) However, as discussed at the hearing, this is not a consumer or contract case. Plaintiff's affidavit adds little to the complaint's factual allegations and does not cure the defects outlined above. Thus defendants' motion should be granted.

### III. LEAVE TO AMEND

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). Here, plaintiff will be granted an opportunity to amend the complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' amended motion to dismiss (ECF No. 10) is granted;

2. The complaint is dismissed for failure to state a claim;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case

and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

    4. The Initial Scheduling Conference set for March 21, 2018 is hereby vacated, to be reset as needed.

Dated: February 20, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / school2156.mtd